UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ARYEE HENDERSON, | ) | C/A No.: 4:23-3022-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| SGT. FRIERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed *pro se* by Aryee Henderson ("Plaintiff") pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is currently housed at the Lee Correctional Institution (LCI). This matter is currently before the court on Plaintiff's "Motion For Recording Deposition on Oral Examination by Videotape or Other Photographic Means." (ECF No. 70).

On May 13, 2024, Plaintiff filed a "Motion for Deposition on Oral Examination by Videotape or Other Photographic Means" of one non-party inmate, Zyree Brooks, and the Defendant, Sgt. Frierson. (Id.). In Plaintiff's declaration in support, he states that "[t]his requested deposition will not be taken for purposes of discovery but as testimony of witnesses unavailable for trial. I am not seeking to discover the above-mentioned testimony-I know what these above-mentioned witnesses are going to say-but is seeking a means for introducing their testimony." (ECF No. 70-1 at 2).

Defendant filed a response in opposition arguing that one inmate taking the

deposition of another inmate would bring an assortment of security issues as well as logistical issues. (ECF No. 72). Defendant asserts that Plaintiff's goal could be accomplished by an affidavit of the deponent or testimony at trial since Plaintiff asserts in the motion that the requested deposition is not for the discovery of information as he already "know what they're going to say." Id. Defendant Frierson argues that the taking of his oral deposition would create a security issue as he is a former security and safety officer at SCDC and the logistical and safety complications of having a former employee enter SCDC facility for a face-to-face encounter with an inmate making claims of excessive force "fosters serious potential for safety issues and would make maintaining safety, security, and control of their facility more difficult." Id. Defendant suggests that the best means for Plaintiff to obtain the information desired would be through other discovery tools. Id.

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se.* According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." except under certain circumstances in which leave of the court is required, see Fed.R.Civ.P. 26(b)(2). A party may take an oral deposition of another party without leave of the court by serving written notice on the opposing party. See Fed.R.Civ.P.

30. A party may take an oral deposition of a nonparty without leave of the court by serving a subpoena in accordance with Fed.R.Civ.P. 45 to compel attendance.  See generally Rules 26 through 37, 45, Fed. R. Civ. P.  However, although Plaintiff has been granted *in forma pauperis* status in this case pursuant to 28 U.S.C. § 1915(d), such status does not mean that Plaintiff's discovery expenses are underwritten or waived.  Plaintiff is advised that subpoenas for attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees.  See Fed.R.Civ.P. 45(b)(1).  Further, the party seeking to depose a witness is responsible for arranging all aspects of the deposition, including, but not limited to, securing a location,[1] retaining a court reporter, and costs associated therewith.[2] As Plaintiff has been granted *in forma pauperis* and has not shown the ability to pay for the discovery expenses, this motion (ECF No. 70) is denied without prejudice.

IT IS SO ORDERED.


June 21, 2024                                     s/Thomas E. Rogers, III
Florence, South Carolina                   Thomas E. Rogers, III
                                                          United States Magistrate Judge

---

[1]Because Plaintiff is a prisoner, the location of any scheduled deposition would have to comply with all safety protocols required by the correctional institution where Plaintiff is confined.

[2] Moreover, Plaintiff filed this motion on May 13, 2024, and the expiration of the discovery deadline for all discovery to be completed was May 31, 2024.

3